KING, Circuit Judge,
concurring:
I write separately to express my considered view that the lawyering in this case has resulted in a waste of judicial and legal resources.
Put succinctly, at oral argument the government abruptly abandoned its earlier position on the viability of the subpoenas and this entire proceeding' — conceding that they are moot (and that this appeal is merely an “academic exercise”) because the grand jury expired after the defendant was indicted. The government had theretofore — in both the district court and its appellate brief — consistently maintained to the contrary. Thus, if the government’s mootness position had been recognized and adopted in a timely manner, this proceeding would not have occurred. In any event, the prosecution does not bear all the blame. If the defense had conducted some elementary research, it would have recognized the jurisdictional problems underlying its effort to pursue an interlocutory appeal.
Finally, the failures of the lawyers to recognize the obstacles attendant to their respective positions were further emphasized at oral argument. When the government’s lawyer was asked by our presiding judge whether the lawyers had “talk[ed] to each other,” his response was simply “never.” Such a lack of communication between counsel seems inexcusable, and we are entitled to expect more.
That said, I agree that this appeal must be dismissed for lack of jurisdiction and thus concur.